TOM ORLANDO
Lorain County Clerk of Courts
26CV000947
FILED: 06/23/2026 03:35 PM

**IN THE COURT OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**
**CIVIL DIVISION**



DEFENDANT'S EXHIBIT
**A**

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br>as subrogee of Adam Weaver,<br>2775 Sanders Road<br>Northbrook, IL 60062 | )<br>)<br>)<br>)<br>) | CASE NO: 26CV000947<br><br>JUDGE DONNA C. FREEMAN |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FIRST AMENDED COMPLAINT |
| | ) | |
| v. | ) | (Jury Demand Endorsed Hereon) |
| | ) | |
| BACCUS GLOBAL, LLC,<br>c/o Registered Agent<br>Lennon, Jhan, Esq.<br>225 N.E. Mizner Boluevard, Ste. 301<br>Boca Raton, Florida 33432 | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT[1]**

NOW COMES the Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE

COMPANY (hereinafter "ALLSTATE"), as subrogee of Adam Weaver (hereinafter "WEAVER")

by and through its attorneys, and as its First Amended Complaint against the Defendant

BACCUS GLOBAL, LLC (hereinafter "BACCUS"), states as follows:

**THE PARTIES**

1.      At all times mentioned herein, Plaintiff, ALLSTATE is an Illinois corporation,

fully licensed to do business in the state of Ohio.

2.      At all times relevant, WEAVER is the owner and occupant of 3543 Bellcrest

Drive, Avon, OH 44011-3486 (hereinafter referred to as "Subject Property").

---

[1] Plaintiff has changed the caption for this filing due to the contemporaneously filed Notice of Substitution of Baccus Global, LLC as Defendant. If this Honorable Court would like a further filing to correct the record, Plaintiff will so file at the Court's direction.

FROM: ORLANDO
Lorain County Clerk of Courts
26CV000947
FILED: 06/23/2026 03:35 PM

3.      At all times relevant, BACCUS was doing business in the state of Ohio, a domestic corporation, engaged in the business of among other things, manufacturing jump starters and air compressors.

4.      At all times relevant, WEAVER carried a policy of insurance issued by ALLSTATE, which provided coverage for *inter alia,* loss and property damage caused by fire.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue are proper in the Court of Common Pleas of Lorain County, Ohio, because the Subject Property is located in Lorain County, Ohio, WEAVER is a resident of Lorain County, Ohio, and BACCUS performed business within Lorain County, Ohio.

## GENERAL ALLEGATIONS

6.      On July 3, 2025, a fire occurred at the Subject Property, causing catastrophic fire and smoke damage to the Subject Property (hereinafter "subject fire").

7.      Upon information and belief, subsequent investigation revealed that the subject fire originated at the south center of the floor level garage at the Subject Property, specifically at a BACCUS jump starter Model #DXAEPS14CA (hereinafter, "subject jump starter").

8.      The subject jump starter contained a starter, an air compressor, a 12-volt battery, and an invertor.

9.      Upon information and belief, two leads traveled from the 12-volt battery, one attached to the invertor board to convert power to 120 volts, and one connected to; the control board to energize the air compressor.

10.     Subsequent investigation revealed the lead going to the invertor board failed and a portion of the circuit board broke off.

11.     Upon information and belief, the investigation revealed the internal electrical

2

FROM: ORLANDO
Lorain County Clerk of Courts
26CV000947
FILED: 06/23/2026 03:35 PM

failure and connections of the subject jump starter caused the subject fire.

12. Pursuant to the ALLSTATE policy, WEAVER made claims and was reimbursed by ALLSTATE for damages caused by the subject fire.

13. ALLSTATE has to date paid to, or on behalf on, WEAVER, an amount in excess of $195,000 for the damage caused by the subject fire.

14. In consideration of payment made by Allstate to WEAVER, and by: operation of law, ALLSTATE became an actual, bona fide subrogee of WEAVER and became subrogated to all rights, claims, and interests they may have had against any person or entity that may be liable for causing the subject fire and subsequent damages to the subject properties.

## COUNT I - NEGLIGENCE

15. Plaintiff ALLSTATE repeats, re-alleges, and incorporates the allegations contained in paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16. At all times relevant, Defendant BACCUS owed a duty to exercise reasonable care in the production, manufacture, design, assembly, testing, inspection, distribution, marketing, and/or sale of jump starters, including the subject jump starter.

17. Notwithstanding said duty, Defendant BACCUS breached its aforementioned duty by one or more of the following acts or omissions:

    a. Failed to properly manufacture the subject jump starter and/or its components;

    b. Failed to properly design the subject jump starter so as to prevent internal electrical failure;

    c. Failed to properly test the subject jump starter so as to prevent internal electrical failure;

    d. Failed to properly inspect the subject jump starter so as to prevent internal electrical failure;

3

TOM: ORLANDO
Lorain County Clerk of Courts
26CV000947
FILED: 06/23/2026 03:35 PM

    e.    Failed to warn of the risk of malfunction and related risk or internal electrical failure; and/or

    f.    Was otherwise negligent.

18.    As a direct and proximate result of the failure of BACCUS to properly manufacture, design, assemble, test, inspect, distribute, market, and/or sell the subject jump starter, a fire loss resulting in substantial damage occurred to the Subject Property.

19.    In consideration of these payments by ALLSTATE to WEAVER, and by operation of law, ALLSTATE became an actual, *bona fide* subrogee of WEAVER and became subrogated to all rights and claims that WEAVER may have against any person or entity that may be liable for causing the aforementioned fire loss the extent of the payments made.

## COUNT II: STRICT PRODUCT LIABILITY

20.    Plaintiff ALLSTATE repeats and re-alleges the allegations contained in paragraphs 1-19 of this Complaint as though fully set forth herein.

21.    Upon information and belief, at all material times, Defendant BACCUS manufactured, designed, assembled, tested, inspected, distributed, marketed, and/or sold jump starters, including the subject jump starter.

22.    Upon information and belief, the subject jump starter was distributed for sale to the general public and consumers, including WEAVER, in the same condition in which it was manufactured, designed, assembled, tested, inspected, distributed, marketed, and/or sold.

23.    At all material times, the subject jump starter was used by WEAVER for its ordinary, normal, and foreseeable use as a jump starter and or air compressor.

24.    Upon information and belief, the subject jump starter was not altered, modified, or repaired in any way subsequent to its purchase by WEAVER.

4

TOM: ORLANDO
Lorain County Clerk of Courts
26CV000947
FILED: 06/23/2026 03:35 PM

25. At all material times, BACCUS was under a duty not to sell or supply products, including the subject jump starter, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

26. The subject jump starter was unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of BACCUS in one or more of the following ways:

    a. The subject jump starter was improperly manufactured so as to allow an internal electrical failure;

    b. The subject jump starter was improperly tested so as to prevent a malfunction;

    c. The subject jump starter was improperly inspected so as to allow a malfunction to occur;

    d. The subject jump starter failed to warn of the risk of malfunction and related risk of fire damage;

    e. The subject jump starter failed to operate properly in conformance with the typical useful life of such items; and/or

    f. Was otherwise unreasonably dangerous and/or defective.

27. As a direct and proximate result of the failure of BACCUS to properly manufacture, design, assemble, test, inspect, distribute, market, and/or sell the subject jump starter, a fire loss occurred, causing substantial damage to the Subject Property.

28. In consideration of these payments by ALLSTATE to WEAVER, and by operation of law, ALLSTATE became an actual, *bona fide* subrogee of WEAVER and became subrogated to all rights and claims that WEAVER may have against any person or entity that may be liable for causing the aforementioned fire loss to the extent of the payments made.

FROM: ORLANDO
Lorain County Clerk of Courts
26CV000947
FILED: 06/23/2026 03:35 PM

WHEREFORE, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of Adam Weaver, respectfully requests judgment be entered in its favor and against Defendant BACCUS GLOBAL, LLC, in an amount in excess of $195,000 plus interest, costs, fees and other further relief this Court deems equitable and just.

Respectfully Submitted,

*/s/ Leslie E. Wargo*
Leslie E. Wargo (0073112)
Wargo Law, LLC
1501 North Marginal Road, Suite 182
Cleveland, Ohio 44114-3738
Telephone: (216) 403-3350
Facsimile: (216) 744-1816
Email: Leslie@wargo-law.com
Attorney for Plaintiff

JURY DEMAND

Pursuant to Ohio Rule of Civil Procedure 38(B), Plaintiff hereby demands a trial by jury, made up of the maximum allowable number of jurors.

*/s/ Leslie E. Wargo*
Leslie E. Wargo (0073112)